FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 1 6 2012 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AVROHOM SEBROW,

                            Plaintiff,

      -against-

ZUCKER, GOLDBERG & ACKERMAN,
LLC,

                            Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-4767 (NGG) (RLM)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Avrohom Sebrow has brought this putative class action against Defendant Zucker, Goldberg & Ackerman, LLC ("Zucker"), alleging that certain actions Zucker took pursuing a foreclosure action against Sebrow's property constituted violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"). (Compl. (Docket Entry # 1) ¶¶ 9-10.) Zucker now moves for dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); or, in the alternative, for transfer of the case to the United States District Court for the District of New Jersey in the interest of justice, pursuant to 28 U.S.C. § 1404(a); or, in a further alternative, for dismissal for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). (Mot. to Dismiss (Docket Entry # 13) at 1; Am. Mem. in Support of Mot. to Dismiss (Docket Entry # 14) at 4, 8, 13.)[1]

---

[1] Zucker asks the court to accept its March 25, 2011, amended memorandum of law in place of its February 18, 2011, original memorandum. (Sayles Decl. (Docket Entry # 14-2) ¶ 5.) Zucker represents that the differences between the two memoranda are only typographic. (Id. ¶ 3.) As Sebrow has consented to the submission of the amended memorandum (id. ¶ 4), the court GRANTS Zucker's request and considers Zucker's amended memorandum rather than its original one.

1

For the reasons discussed below, Zucker's motion is DENIED in part and GRANTED in part.

## I.  BACKGROUND

Sebrow is a New York resident and a "consumer" as the FDCPA defines the term. (Compl. ¶¶ 4-5.) Zucker is a New Jersey business and "debt collector" as the FDCPA defines that term. (Id. ¶¶ 6-8.) Zucker mailed a notice, summons, and complaint relating to a foreclosure to Sebrow in New York; Sebrow alleges that this set of documents violated the FDCPA in various ways. (Id. ¶¶ 6, 9-10.) Sebrow seeks the certification of a class of all consumers who have received debt collection notices from Zucker relating to foreclosure actions. (Id. ¶ 11-12.)

Sebrow attached redacted copies of the relevant foreclosure notice and complaint to his Complaint; Zucker provides un-redacted versions in its Motion to Dismiss. (Sayles Decl. (Docket Entry # 13-3) Ex. B.) The un-redacted versions show that Zucker, a law firm with offices in New Jersey and Pennsylvania, initiated foreclosure proceedings regarding a piece of real property in Camden, New Jersey, on behalf of HSBC. (Id.) Sebrow was the mortgagor of the property, and so was the defendant in the foreclosure action. (Id.) The foreclosure proceeding was initiated in the Chancery Division of the Superior Court of New Jersey, located in Camden County, New Jersey. (Id.) Zucker attempted to mail the foreclosure complaint and accompanying materials to Sebrow at multiple addresses: two addresses in New Jersey, and one in Far Rockaway, New York. (Id.)

Sebrow has also litigated another FDCPA case against a different law firm in the United States District Court for the District of New Jersey. See Sebrow v. Fein, Such, Kahn, & Shephard, P.C., No. 10-cv-215 (JLL) (CCC) (D.N.J. Nov. 1, 2010.)

## II. DISCUSSION

### A. Rule 12(b)(3) Motion to Dismiss

Zucker first argues that Sebrow's Complaint should be dismissed for improper venue, pursuant to Rule 12(b)(3). Venue is proper in the Eastern District of New York if this District qualifies under one of the categories described in 28 U.S.C. § 1391(b). According to § 1391(b), venue is proper in any district where either (1) a defendant is a resident, or (2) where a substantial part of the events giving rise to the claim occurred, or (3) where a defendant can be found, if there is no district court where venue is otherwise proper. 28 U.S.C. § 1391(b)(1)-(3). When a defendant challenges the plaintiff's choice of venue, the plaintiff must prove his venue choice is proper. ESI, Inc. v. Coastal Power Prod. Co., 995 F. Supp. 419, 424 (S.D.N.Y. 1998).

Zucker argues that Sebrow's choice of venue was improper. Zucker points out that it is resident in New Jersey, and so § 1391(b)(1) cannot apply. (Am. Mem. in Support of Mot. to Dismiss at 5.) Further, since Zucker is resident in New Jersey and so venue would be proper in that district, § 1391(b)(3) does not apply either. (Am. Mem. in Support of Mot. to Dismiss at 7.) So, if Sebrow's choice of venue is proper, it must be because of § 1391(b)(2). And indeed, Sebrow premised venue in the Eastern District of New York on his claim that a substantial part of the events giving rise to his claim occurred in this District. (Compl. ¶ 3.) Sebrow alleges that he received the foreclosure complaint and notice at his New York address. (Compl. ¶ 6.) Receipt of a communication is, according to Sebrow, a substantial part of the acts giving rise to his claim and, as a result, venue is proper in this District. (Opp. Mem. to Mot. to Dismiss (Docket Entry # 13-5) at 1-2.)

Zucker opposes Sebrow's reliance on § 1391(b)(2). Zucker argues that the mere receipt of a communication in New York should not be considered a substantial part of the events that

3

gave rise to Sebrow's claim. (Am. Mem. in Support of Mot. to Dismiss at 5-6.) Zucker argues that most of the events that gave rise to Sebrow's suit occurred in New Jersey—such as the underlying foreclosure action and the preparation of the complaint and notice. (Id. at 6.) Zucker also represents that it sent notices to each of the addresses it had for Sebrow, including several New Jersey addresses. (Id. at 6 n.3; Sayles Decl. Ex. B.) Thus, Zucker argues, if receipt of a communication is a substantial portion of the events giving rise to a FDCPA claim, then there is yet another connection between New Jersey and this cause of action. (Am. Mem. in Support of Mot. to Dismiss at 6 n.3.)

Zucker's argument, however, is foreclosed by clear Second Circuit precedent. In Bates v. C & S Adjusters, Inc., 980 F.2d 865 (2d Cir. 1992), the Second Circuit considered whether a FDCPA plaintiff had selected a proper venue by suing in the Western District of New York when the only event that occurred there was the plaintiff's receipt of the communication that allegedly violated the FDCPA. Id. at 866. The Court of Appeals noted that receipt of a communication is likely a necessary part of a claim under the FDCPA; the harm that Congress intended the FDCPA prevent occurs only once the putative debtor receives the notice that violates the statute. Id. at 868. Following on those observations, the Court of Appeals held that receipt of a communication is sufficiently important to be considered a "substantial part" of the events that give rise to an FDCPA claim. Id. This holding disposes of Zucker's claim that a venue selection predicated on the site that a plaintiff received a communication is improper.[2] Zucker's point that if receipt of a notice in New York is sufficient to make venue in New York proper, then venue is also proper in New Jersey (where Zucker also sent notices), is true but irrelevant for determining

---

[2] Zucker attempts to distinguish Bates from the instant case. (See Def.'s Reply Mem. (Docket Entry # 13-6) at 1-2.) Zucker's arguments are unavailing; the Bates court did not limit its holdings to FDCPA claims involving unsecured debtors. If anything, the defendant in Bates made a stronger case for improper venue, because the defendant in Bates did not address the challenged notices to the debtor's New York address. 980 F.2d at 866.

4

whether Sebrow's claim should be dismissed for improper venue. Section 1391 does not mandate that only one district court be considered proper venue. See Bates, 980 F.2d at 867. Zucker's request for a dismissal of the case pursuant to Rule 12(b)(3) is therefore denied.

### B.     Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

Having denied Zucker's motion to dismiss Sebrow's Complaint due to improper venue, the court considers Zucker's request in the alternative for the transfer of the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).[3]

Section 1404(a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) thus calls for a two-part analysis. The first question the district court must answer is whether the putative transferee district is a district where the case "might have been brought," i.e., whether that district would have personal jurisdiction over the defendant and be a proper venue for the dispute. The second question is whether the "convenience of parties and witnesses [and] the interest of justice" weigh in favor of transferring the case. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 986 (E.D.N.Y. 1991). Courts weigh a number of non-dispositive factors in making that determination, including: (1) the plaintiff's choice of forum; (2) the place where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of witnesses; (5) the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the availability of process to

---

[3] Zucker also argues that the case should be transferred pursuant to 28 U.S.C. § 1406(a) and forum non conveniens. (See Am. Mem. in Support of Mot. to Dismiss at 7-8.) Section 1406(a) is used only to transfer a case that was filed in an improper venue: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case . . . ." Given the court's ruling in Part II.A that venue is proper in this court, a transfer pursuant to § 1406(a) would be inappropriate. With regard to dismissal pursuant to forum non conveniens, that doctrine has been superseded by § 1404(a) where the alternative forum is a domestic court. See Frisof v. Swift Transp. Co., No. 08-cv-554 (NGG) (CLP), 2008 WL 4773059, at * 1 (E.D.N.Y. Oct. 30, 2008) (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 722 (1996)).

compel attendance of unwilling witnesses; and (8) the forum's familiarity with governing law. See Tobey v. Nat'l Action Fin. Servs., Inc., No. 09-cv-1917 (ARR) (JMA), 2009 WL 3734320, at *2 (E.D.N.Y. Nov. 4, 2009) (collecting cases). The decision to transfer a case "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

Both Sebrow and Zucker agree that Zucker is a resident of New Jersey. (See Compl. ¶ 6; Am. Mem. in Support of Mot. to Dismiss at 5, 9.) Because venue is generally proper in a district in which the defendant is resident, see 28 U.S.C. § 1391(a)(1), it is thus clear that the District of New Jersey would be a proper venue for this case. Consequently, the first question in the § 1404(a) analysis has been answered in the affirmative—i.e., the putative transferee district, the District of New Jersey, is a district where this case "might have been brought."

In order to resolve the second question—whether the convenience of witnesses and parties, and the interests of justice, suggest the case should be transferred—the court will consider the eight factors that Tobey and other district court opinions have referenced. At the outset, the court notes that two factors—the convenience of witnesses and the availability of process to compel attendance of unwilling witnesses—do not appear to weigh in favor of either transferring the case to the District of New Jersey or keeping the case in this court, because neither party has identified specific witnesses whose deposition or trial testimony would be necessary for the disposition of this case, despite Second Circuit precedent which requires the defendant to "clearly specify the key witnesses to be called" and the nature of their testimony. Panama Process, S.A. v. Cities Serv. Co., 650 F.2d 408, 417 (2d Cir. 1981); Tobey, 2009 WL 3734320, at *4-5.

6

Moreover, another factor—the governing law to be applied—does not weigh in favor of either transferring or retaining the case. The FDCPA is a federal statute, and either federal district court is equally capable of interpreting and applying it. That factor is also neutral.

The factor that most clearly supports this court retaining the case is Plaintiff Sebrow's choice of this court as his preferred forum. Typically, a plaintiff's choice of forum is given "considerable weight." Tobey, 2009 WL 3734320, at *3. However, in putative class actions, a representative plaintiff's choice of forum is given less weight than in an individual action. In Re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995); Glass v. S & M Nutec, LLC, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). The representative's choice is still entitled to some deference, however. DiReinzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002). Thus, Sebrow's choice of the Eastern District of New York weighs in favor of this court retaining the case, but does not weigh as strongly in favor as it would in an individual action.

Four factors weigh in favor of transferring the case to New Jersey. Two factors—the locus of operative facts, and the location of documents and sources of proof—clearly weigh in favor of transfer. Zucker maintained an office and drafted the relevant documents in New Jersey. (See Sayles Decl. Ex. B.) The underlying real estate transaction and the foreclosure proceeding both occurred in New Jersey. (See Id.) Thus, the bulk of what happened in this set of events occurred in New Jersey, and the documents and other forms of proof involved were produced in New Jersey. These facts suggest that obtaining the required documents and developing a factual record may be done more efficiently in New Jersey.

Another factor—convenience of the parties—also weighs in favor of transfer, albeit less obviously than the two discussed in the paragraph above. Sebrow, through his selection of the Eastern District of New York as his preferred forum, clearly believes that New York is more

7

convenient than New Jersey. Zucker, as a New Jersey law firm, finds New Jersey a more convenient forum than New York. The tie-breaker, so to speak, between these two parties is what is of greater convenience to the unnamed class members of the putative class. Although those class members are not identified, and so their places of residence are unknown, the common factor that all the class members would have in common is that they have been defendants in foreclosure actions prosecuted by Zucker. (Compl. ¶ 11-12.) There is no allegation that Zucker prosecutes foreclosure actions outside of New Jersey. On the record before the court, it appears that the unnamed class members would all be land owners or former land owners in the state of New Jersey. New Jersey is the only state to which the unnamed parties must have a connection, and so the only state that the court can presume is convenient to them. The court concludes that this factor weighs in favor of the District of New Jersey.

The fourth factor that weighs in favor of transferring the case, albeit with less clarity than the first two factors in favor of transfer, is the relative means of the parties. The court does not possess a great deal of information about the means of either Zucker—beyond that it is a New Jersey-based law firm without a New York office—or Sebrow—beyond that he is a New York resident who has owned several New Jersey properties. (See Compl. ¶¶ 4, 6; Sayles Decl. Ex. B.) However, one crucial piece of information that Zucker has brought to the court's attention is that Sebrow has prosecuted an FDCPA lawsuit against another law firm in New Jersey. See Sebrow v. Fein, Such, Kahn, & Shephard, P.C., No. 10-cv-215 (JLL) (CCC) (D.N.J. Nov. 1, 2010.) "Where a plaintiff has demonstrated a willingness to litigate in a distant court, courts have weighed this factor against maintaining the case in plaintiff's preferred forum." Tobey, 2009 WL 3734320 at *5. Sebrow has shown he is willing and able to litigate in New Jersey; the court believes this factor weighs in favor of transferring the case.

8

Considering the eight factors that courts commonly reference in considering whether a case should be transferred to another district, the court concludes that three are neutral, one weighs weakly in favor of retaining the case, two weigh clearly in favor of transfer, and two weigh weakly in favor of transfer. The court concludes that, on balance, it would be in the interest of justice to transfer this case to the District of New Jersey. Therefore, the court grants the request to transfer the case to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

### C. Motion to Dismiss Pursuant to Rule 12(b)(6)

In light of the court's decision in Part II.B to transfer the case, the court denies Zucker's motion in the alternative for dismissal of Sebrow's claim for failure to state a claim on which relief can be granted without prejudice. Zucker may renew this motion before the United States District Court for the District of New Jersey according to the Local Rules of that court.

### III. CONCLUSION

For the reasons discussed above, Zucker's motion to dismiss for improper venue is DENIED; Zucker's alternative motion for transfer in the interests of justice is GRANTED. Zucker's motion dismiss for failure to state a claim for which relief can be granted is DENIED without prejudice. The Clerk of Court shall transfer this case to the United States District Court for the District of New Jersey.

SO ORDERED.

Dated: Brooklyn, New York
March 15, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

9