## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVROHOM SEBROW, | Case No.: 1:12−cv−01667−RBK−KMW |
| Plaintiff, | Electronically Filed |
| v. | Motion Return Date:  July 16, 2012 |
| ZUCKER GOLDBERG & ACKERMAN, LLC, | CIVIL ACTION |
| Defendant. | |

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZUCKER GOLDBERG & ACKERMAN, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Connell Foley LLP
Attorneys for Zucker, Goldberg
& Ackerman, LLC
85 Livingston Avenue
Roseland, New Jersey  07068
(973) 535-0500

*Of Counsel*:
Karen Painter Randall, Esq.

*On the Brief*:
Andrew C. Sayles, Esq.
Steven A. Kroll, Esq.

2721650-01

## TABLE OF CONTENTS

**PAGE**

STATEMENT OF FACTS/PROCEDURAL HISTORY ................................................ 1

LEGAL ARGUMENT .................................................................................................... 4

POINT I
PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT
FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED ..................................................................................................... 4

POINT II
PLAINTIFF'S FIRST CAUSE OF ACTION, ALLEGING VIOLATIONS
OF 15 U.S.C. §1692(g), MUST BE DISMISSED .................................................. 7

    A.    Plaintiff's First Cause of Action Fails to State a Claim Under Section
1692g ................................................................................................... 7

    B.    Plaintiff's First Cause of Action, Alleging Violations of 15 U.S.C.
§1692g, Must Be Dismissed Because It Relies Upon a Legal Pleading ...................... 8

POINT III
PLAINTIFF'S SECOND CAUSE OF ACTION, ASSERTING CLAIMS
UNDER 15 U.S.C. §1692e MUST BE DISMISSED .......................................... 10

    A.    The District of New Jersey Has Dismissed Nearly Identical Claims By
Plaintiff ................................................................................................ 16

    B.    Plaintiff Has Not Sufficiently Plead Claims Under the FDCPA ................................ 17

CONCLUSION ............................................................................................................. 19

i

# TABLE OF AUTHORITIES

**PAGE**

*Cases*

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)........................................................................ 4

Associated General Contractors of Calif. Inc. v. California State Council
    of Carpenters, 103 S.Ct. 897 (1983) ....................................................................... 5

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)....................................4-5, 7, 11, 17

Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006) ................................................ 6

Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294
    (3d Cir. 2008)........................................................................................................... 6

Cohen v. Am. Credit Bureau, Inc., Civil Action No., 10-5112, 2012 U.S.
    Dist. LEXIS 33687 *5 ........................................................................................... 17

Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010) ................................... 12

Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504 (6th Cir. 2007)...................... 17

Frasier v. Gen. Elec. Co., 930 F.2d 1004 (2d Cir.1991) .............................................. 5

Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).......................................... 6, 8, 11

Heintz v. Jenkins, 514 U.S. 291 (1995) ....................................................................... 12

HSBC Mtg. Corp. v. Sebrow, Superior Court of New Jersey, Chancery
    Division, Camden County (Statewide), Docket No. F-44273-09............................. 14

Jacobson v. Healthcare Financial Serv., Inc., 434 F.Supp.2d 133
    (E.D.N.Y. 2006)..................................................................................................... 16

Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, U.S., 130 S.Ct.
    1605, 176 L. Ed. 2d 519 (2010)........................................................................ 9, 17

Nicholls v. Portfolio Recovery Assocs, LLC, Civil Action No., 09-5714,
    2010 U.S. Dist. LEXIS 29639 * 9 (D.N.J. 2010) ................................................... 12

O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938 (7th Cir.
    2011) ..................................................................................................................... 15

Oldroyd v. Associates Consumer Discount Company, PA, 863 F.Supp.
    237 (E.D.Pa. 1994) ................................................................................................ 5

ii

Perry v. Stewart Title Co., 756 F.2d 1197 (5TH Cir. 1985), rehearing granted in part 761 F.2d 237 ................................................................ 6

Rosenau v. Unifund Corp., 539 F.3d 218 (3d. Cir. 2008) ....................................... 6, 13

Sebrow v. Fein, Such, Kahn & Shepard, P.C.,  Civ. Action No. 10-215, 2010 U.S. Dist. LEXIS 116922 (D.N.J., 2010); reconsideration denied at 2011 U.S. Dist. LEXIS 16530 and Second Amended Complaint dismissed at 2011 U.S. Dist. LEXIS 85972 .................................. 9, 14, 16

Turner v. Asset Acceptance, LLC, 302 F.Supp.2d 56 (E.D.N.Y 2004) ...................... 12

Wilson v. Quadramed Corp., 225 F.3d 350 (3d. Cir. 2000) ....................................... 6, 13

***Statutes***

15 U.S.C. 1692 ................................................................................................................ 1, 5

15 U.S.C. §1692a(2) ............................................................................................................ 5

15 U.S.C. §1692a(3) ............................................................................................................ 6

15 U.S.C. §1692a(6) ............................................................................................................ 5

15 U.S.C. §1692a(6)(A)-(F) ................................................................................................ 5

15 U.S.C. §1692e ...................................................................... 2, 6, 10-12, 16, 17

15 U.S.C. §1692e(11) .................................................................................... 2, 6, 12

15 U.S.C. §1692g ........................................................................................ 2, 7-8, 15

15 U.S.C. §1692g(a) .................................................................................................... 7, 8

15 U.S.C. §1692g(d) .............................................................................................. 6, 9, 10

28 U.S.C. §1404(a) ........................................................................................................... 2

N.J.S.A. 2A:50-53 ............................................................................................................ 15

***Rules***

Federal Rule of Civil Procedure 12(b)(3) ......................................................................... 1

Rule 12(b)(6) ............................................................................................ 2, 4, 7, 17

## STATEMENT OF FACTS/PROCEDURAL HISTORY

The following matter arises stems from a foreclosure action filed in the Superior Court of New Jersey, Camden County, concerning a property located in Camden, New Jersey.   On October 18, 2010, Plaintiff Avrohom Sebrow ("Plaintiff") filed a two count "Class Action" Complaint in the United States District Court for the Eastern District of New York alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") against Defendant Zucker, Goldberg & Ackerman, LLC ("Zucker" or "Defendant").  See Certification of Andrew C. Sayles, Esq. ("Sayles Cert."), Exhibit A ("Complaint").  Specifically, Plaintiff's claims arise exclusively from a civil foreclosure action filed on November 12, 2009, by Zucker in the Superior Court of New Jersey for a judgment of foreclosure for real property located in Camden, New Jersey (the "Foreclosure Complaint").  See Sayles Cert., Exhibit B.[1]  The Foreclosure Complaint was filed on behalf of HSBC Mortgage Corporation, USA ("HSBC") arising from the undisputed default on a promissory note and mortgage by Plaintiff.  Id.  Zucker served the filed Foreclosure Complaint along with a Summons, as required under the New Jersey Court Rules, to Plaintiff at his Camden, New Jersey address and at two other addresses.  Id.  The Foreclosure Complaint included a notice advising that the action was part of a debt collection effort, which Plaintiff has now manipulated to allege claims under the FDCPA.  A review of that legal pleading reflects that the notice was part of the Foreclosure Complaint and was not issued separately, as implied by Plaintiff.

In lieu of filing an Answer, Zucker moved for a dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); or, in the alternative, for transfer of the case to the United States District Court for the District of New Jersey in the interest of justice, pursuant to

---

[1] Plaintiff has unnecessarily redacted all attachments to the Complaint.  Full and complete copies of the documents have been provided as part of Zucker's present application.

28 U.S.C. § 1404(a); or, in a further alternative, for dismissal for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).  On March 16, 2012, the Hon. Nicholas G. Garaufis, U.S.D.J., E.D.N.Y., entered an Order denying in part and granting in part Zucker's Motion.  See Sayles Cert., Exhibit G.  Specifically, the Court held it would be in the interest of justice to transfer this case to the District of New Jersey.  Id.  Further, in light of the court's decision to transfer the case, the court denied, without prejudice, Zucker's motion in the alternative for dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted and held that Zucker may renew this motion before the United States District Court for the District of New Jersey according to the Local Rules of that court.  Id.

Zucker now brings this Motion to Dismiss in lieu of an Answer, pursuant to F.R.C.P. 12(b)(6).  As stated at length below, the causes of action suggested by Plaintiff are insufficient and warrant dismissal of the Complaint.  Plaintiff alleges that the notice attached to the Foreclosure Complaint failed to comply with the notice provisions required under 15 U.S.C. 1692g.  See Complaint, ¶¶9 and 10, 21-27.  The Complaint also claims that Zucker violated sections 1692g and 1692e of the FDCPA by failing to indicate within the notice the amount of debt owed and by misleading the debtor as to his options to dispute the debt under the FDCPA. Id. at ¶9.  Plaintiff also alleges that he was "confused" by the Summons and Complaint in violation of section 1692e. Id. at ¶10.  The efforts to state a claim for a violation of the FDCPA under sections 1692e and 1692g fail because Plaintiff relies upon a pleading to form the basis for the alleged violation of the FDCPA.  Under section 1692e(11), claims of confusion arising from notice requirements, or a lack thereof, cannot arise from legal pleadings.  As discussed in greater detail herein, there is absolutely no basis for Plaintiff's claim against Zucker arising from the Foreclosure Complaint and attached notice.  In fact, by virtue of an express Congressional

amendment to the FDCPA in 2006, the alleged communication here - the Foreclosure Complaint and its integrated notice from Zucker - is exempted from the provisions of § 1692g and § 1692e. Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

3

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

F.R.C.P. 12(b)(6) provides that this Court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true.  The United States Supreme Court has recently succinctly stated and confirmed the current standard for Courts to address 12(b)(6) motions:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (internal citations omitted). Instead, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).

Thus, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft, supra, 129 S.Ct. at 1949  (citing Twombly, supra). The plausibility standard requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, supra). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels

4

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (citing Twombly, supra); See also Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir.1991).

Here, dismissal of the Complaint is appropriate because no reasonable or conceivable basis exists under which Plaintiff could, at trial, establish a claim that would entitle him to the relief sought against Zucker.  Although the Court must assume that all alleged facts are true, "[i]t is not . . . proper to assume that the [plaintiff] can prove any facts that it has not alleged." Associated General Contractors of Calif. Inc. v. California State Council of Carpenters, 103 S.Ct. 897, 902 (1983).  Where, as presented in this matter, the Complaint lacks sufficient "factual allegations sufficient to raise a right to relief above the speculative level", dismissal is warranted and appropriate.  Twombly, supra, 127 S.Ct. at 1964-1967.

In order to maintain a claim arising under the FDCPA, a plaintiff must plead and establish, as necessary elements, that he was a "consumer" who received a "communication" from a "debt collector" regarding a "debt".  See 15 U.S.C. 1692 et seq.  The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium".  15 U.S.C. § 1692a(2).  Similarly, "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another".  15 U.S.C. § 1692a(6).  However, this definition excludes mortgagees, their employees or those connected through the mortgagee through common ownership or affiliated by corporate control are not deemed debt collectors under the FDCPA.  See 15 U.S.C. § 1692a(6)(A)-(F); see also Oldroyd v. Associates Consumer Discount Company, PA, 863 F.Supp. 237 (E.D.Pa. 1994); Perry v. Stewart Title Co., 756 F.2d 1197 (5TH Cir. 1985), rehearing granted in part 761 F.2d

237.  A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt". 15 U.S.C. § 1692a(3).   Each of these elements is essential to a valid FDCPA claim and must be pleaded and subsequently substantiated.

Finally, assuming a claim under the FDCPA contains the necessary elements, the violations are then analyzed by application of the least sophisticated consumer standard.  Brown v. Card Serv. Ctr., 464 F.3d 450, 453-454 (3d Cir. 2006); see also Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294 (3d Cir. 2008).   Although this is a low standard, it nonetheless "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d. Cir. 2008)(quoting Wilson v. Quadramed Corp., 225 F.3d 350, 335 (3d. Cir. 2000)). Further, only where a communication or conduct by a debt collector would deceive, mislead or confuse a "least sophisticated consumer" can a violation of the FDCPA exist.  Brown, supra, 464 F.3d at 453-454 (3d Cir. 2006); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)(holding that claims involving statutory notice under the FDCPA must be interpreted under the least sophisticated consumer standard).

In the case at bar, Plaintiff's two-count Complaint against Zucker alleges violations of the FDCPA under sections 1692e and 1692g.  See Complaint, ¶¶ 9, 10, 21-39. Regardless of whether Plaintiff is a consumer, owed a debt pursuant to the FDCPA, or whether Zucker was acting on behalf of a creditor, the Foreclosure Complaint, Summons and integrated notice do not qualify as an initial communication and therefore Plaintiff's claims under the FDCPA are not actionable. See 15 U.S.C. §1692g(d) and § 1692e(11).   Further, setting aside the fact that Plaintiff cannot maintain a claim under the FDCPA based upon the Foreclosure Complaint and Summons, the

6

allegations as to the purported alternative FDCPA violations, including vague references to confusion, lack the necessary detail to survive a 12(b)(6) analysis.

As set forth in greater detail below, the Complaint amounts to nothing more than a formulaic recitation of the partial elements of certain causes of action, composed of labels and conclusions, which fail to properly identify the grounds for Plaintiff's entitlement to the relief sought.  Moreover, it is clear that the statutory language of the FDCPA precludes any claim by Plaintiff given the allegations within the Complaint.  Permitting Plaintiff to proceed under the Complaint would therefore require that the Court undertake the prohibited task of speculation as to the basis of Plaintiff's claims.  Thus, applying the standards recently enunciated by Twombly, *supra*, Plaintiff's Complaint fails in all regards.

**POINT II**

**PLAINTIFF'S FIRST CAUSE OF ACTION, ALLEGING
VIOLATIONS OF 15 U.S.C. §1692(g), MUST BE DISMISSED**

**A.     Plaintiff's First Cause of Action Fails to State a Claim Under
        Section 1692g**

Even allowing a liberal review of Plaintiff's Complaint, it nonetheless fails to state a claim under section 1692g.  Specifically, Plaintiff alleges that the Summons, Foreclosure Complaint and integrated notice violates section 1692g(a)(1) by failing to indicate the amount of debt, and generally violates section 1692g by failing to indicate that the debt may be disputed by any means.  These allegations demonstrate that Plaintiff has merely parroted the language of the FDCPA without any due consideration to the actual substance of the Foreclosure Complaint.

Section 1692g of the FDCPA, entitled "Validation of Debts" addresses the obligations of a debt collector to notify a debtor of his rights concerning information about the subject loan, including the right to dispute the debt, and the impact of disputing a debt.  See 15 U.S.C. 1692g(a).  Section 1692g creates notice requirements to be provided by a debt collector "within

7

five days after the initial communication with a consumer", if not contained within the initial communication itself. Id.

The notice, despite being an exempt document under the FDCPA, nonetheless complies with the statutory requirements.  First, in paragraph one it expressly states that "the amount due on the debt, as of 06/20/2009, is the sum of $68,681.92" and cautions that the amount "does not include foreclosure fees and costs or any payments received or advances made after that date".  See Sayles Decl., Ex. B.  Certainly, this is sufficient to identify the amount of the debt and therefore Plaintiff's allegations in this respect are without merit.  Second, the notice contains the additional statements otherwise required with a 1692g notice as controlled by applicable jurisprudence within the District of New Jersey.  A review of the section 1692g(a)(4) and (a)(5) specifically provide for disputes to be made in writing and therefore the notice language of the Foreclosure Complaint is consistent with section 1692g.  Moreover, the Third Circuit has clearly held that the notice attached to the Complaint would be compliant with section 1692g.  See Graziano, supra, (holding the §1692g(a) should be read to require that a debtor's dispute must be in writing).  Therefore, the subject notice, integrated into the Summons and Complaint, complies with the statutory requirements of §1692g, and Plaintiff's Complaint has failed to allege a violation of same.

**B.    Plaintiff's First Cause of Action, Alleging Violations of 15 U.S.C. §1692g, Must Be Dismissed Because It Relies Upon a Legal Pleading**

Even assuming, *arguendo*, that Plaintiff's Complaint somehow established  confusion or was otherwise deficient,  which it does not, all of Plaintiff's claims must fail as they rely upon a document that cannot constitute an "initial communication" under the FDPCA.  Prior to 2006, there were no express or formalized exemptions regarding the application of 1692g to documents associated with civil pleadings in debt collection matters.  In recognition of the chilling and

8

prejudicial impact that resulted from the application of the 1692g disclosure requirements to complaints and related documents, Congress amended the FDCPA to expressly exempt such legal pleadings and related documents from its notice requirements. Section 1692g(d), entitled "Legal Pleadings" states:

> **A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication** for purposes of subsection (a) of this section.

15 U.S.C. 1692g(d)(**emphasis added**). Whereas prior to the 2006 amendment some federal courts had applied the provisions of 1692g to pleadings and related documents, the Congressional revisions established conclusively that such communications were not within its scope. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, U.S., 130 S.Ct. 1605, 1624, 176 L. Ed. 2d 519, 541 n. 22 (2010).

Here, Plaintiff's claims under §1692g arise exclusively from the Foreclosure Complaint filed by Zucker and, therefore, must be dismissed. Subsection (d) undeniably establishes that a pleading such as that served by Zucker does not qualify as an initial communication. Although Plaintiff characterizes the notice as a "collection letter" (Complaint, ¶ 23) there is absolutely nothing that suggests that the notice can be extracted from the Foreclosure Complaint as a stand alone document.[2] The one-page notice that Plaintiff alleges is in violation of the FDCPA expressly references an attached complaint multiple times and was clearly issued as part of the Foreclosure Complaint. See Sayles Cert., Ex. B. Plaintiff even admits that the notice was "accompanied by a summons and complaint". See Complaint, ¶ 9. To wit, if removed from the

---

[2] The District of New Jersey has recently confirmed that a notice integrated with a Foreclosure Complaint would be exempt from the FDCPA, in matter involving the same plaintiff here. See Sebrow v. Fein, Such, Kahn & Shepard, P.C., Civ. Action No. 10-215, 2010 U.S. Dist. LEXIS 116922 (D.N.J., 2010); reconsideration denied at 2011 U.S. Dist. LEXIS 16530 and Second Amended Complaint dismissed at 2011 U.S. Dist. LEXIS 85972.

Foreclosure Complaint, Plaintiff would have no basis to conclude that the notice was directed to him, or any other person for that matter, as it contains no personal identifiers. Since §1692g is expressly inapplicable to legal pleadings such as the Summons and Foreclosure Complaint, Plaintiff's Complaint fails must fail. 15 U.S.C. §1692g(d). Accordingly, no claim based on a pleading can form the basis of a §1692g allegation as the notice identified by Plaintiff is part of legal pleading and is not subject to the FDCPA.

**POINT III**

**PLAINTIFF'S SECOND CAUSE OF ACTION, ASSERTING
CLAIMS UNDER 15 U.S.C. §1692e MUST BE DISMISSED**

Section 1692e of the FDCPA is entitled "False or misleading representations" and identifies sixteen (16) ways in which this provision may be violated. Here, Plaintiff has alleged that the notice also violates section 1692e of the FDCPA by creating confusion as to the debtor's rights to dispute the debt and as to the amount owed. See Complaint, ¶9. As discussed above, the notice identifies the amount of the debt in its first paragraph and, therefore, Plaintiff's reference to the unknown debt is baseless. The misleading allegations regarding the requirement to dispute a debt in writing are also repeated again under the Second Cause of Action and Plaintiff concludes that "it is well settled that a consumer may dispute a debt orally, and not just in writing." See Complaint, ¶¶32, 33. Respectfully, Plaintiff is misinformed as to the body of applicable law on this issue. The case at bar involves a New Jersey foreclosure action, filed by a New Jersey law firm in Camden County, New Jersey, concerning a Camden, New Jersey property. As such, and as exemplified by the decision to transfer this matter to the United States District Court for the District of New Jersey, any conduct by Zucker must be judged in the context of the applicable law within the Third Circuit, which has established that a debtor must

10

dispute a debt in writing under section 1692g.  See Graziano, supra, 950 F.2d 107.  As such, Plaintiff's claim regarding settled law is inaccurate.

Plaintiff also generally claims that confusion exists as to the time for the debtor to respond by contrasting the time in which a defendant must respond to a complaint in New Jersey with the time period implicated through a validation request.  See Complaint, ¶ 10.  This does not adequately explain how the Foreclosure Complaint's notice and corresponding Summons resulted in confusion as to Plaintiffs' rights and obligations.  Initially, this argument appears to be an effort to circumvent the pleadings exception to section 1692g by using an alternative section of the FDCPA.  Section 1692g addresses claims associated with deficiencies to the required notices, which is what Plaintiff's entire complaint relies upon and controls.  As noted above, the Foreclosure Complaint did not trigger notice requirements and obligations on the part of Zucker and, therefore, Plaintiff cannot maintain claims concerning the substance of the Foreclosure Complaint.

Turning to section 1692e, that provision identifies sixteen (16) ways in which a consumer could be misled or confused in violation of the FDCPA.[3]  Plaintiff's Complaint, however, fails to reference any subsection which Zucker allegedly violated.  This alone requires speculation as to the nature of the claim and, as noted by the Court in Twombly, is indicative that no right to relief is available.  See Twombly, 127 S.Ct. at 1964-1967.  Notwithstanding the lack of even minimal specificity in Plaintiff's Complaint, one may speculate that Plaintiff's claims involve a violation of subsection 11, as it relates to notice issues. Subsection 11 to §1692e discusses

---

[3] This includes false claims that a debt collector is a state agent, false representations of the amount owed, a false claim that a collector is an attorney, an incorrect claim that a debtor committed a crime or that a the collector is an employee of a credit agency.  See 15 U.S.C. §1692e.  Zucker's alleged conduct here is in now way comparable or parallel to the sort of activity discussed and prohibited by section 1692e.

communications from a debt collector and claims for confusion, but expressly confirms that it is inapplicable to pleadings and associated materials:

> The failure to disclose in the initial communication with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, **except that this paragraph shall not apply to a formal pleading made in connection with a legal action**.

15 U.S.C. §1692e**Error! Bookmark not defined.**(11) (**emphasis added**).  Moreover, even to the extent Plaintiff argues that an alternative subsection of §1692e was violated, the fact that Congress confirmed that notice requirements were not applicable to a pleading served by a debt collector is indicative of the overall intent to exempt such documents from the provisions of the FDCPA.  See also Heintz v. Jenkins, 514 U.S. 291, 296 (1995) (noting Congressional intent to preserve judicial remedies available to creditors and their agents).[4]

Alternatively, and notwithstanding the exemption afforded to pleadings under the FDCPA, Plaintiff has failed to sufficiently allege how § 1692e was violated.  For a misleading statement to be actionable under the FDCPA, it must be a material misstatement that has two or more different meanings, one of which is inaccurate.  See Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010); Turner v. Asset Acceptance, LLC, 302 F.Supp.2d 56, 58 (E.D.N.Y 2004); Nicholls v. Portfolio Recovery Assocs, LLC, Civil Action No., 09-5714, 2010 U.S. Dist. LEXIS 29639 * 9 (D.N.J. 2010).  Plaintiff claims that he was confused regarding his obligations and time to answer the Complaint.  See Complaint, ¶10.   This, however, does not explain what the actual confusion was or how it was material to his understanding of the

---

[4] Zucker's alleged conduct here in no way rises to the sort of conduct regulated by section 1692e, which includes falsely representing the amount or legal status of debt, threatening to take legal action that cannot be taken, falsely claiming that the debtor committed a crime, falsely advising a debtor that they do not need to take action or falsely implying that a documents constitute legal process.

Foreclosure Complaint.  The Summons, which is a form Summons required under New Jersey Court Rule 4:4-2, states that the Plaintiff had 35 days to answer the Complaint from the date of service.  See Sayles Cert., Ex. B.  The notice language in the Foreclosure Complaint states that Plaintiff could request a validation of the debt within 30 days and in no way instructed him as to his options to respond to a legal pleading.  Id., p. 8.  As such, there is no identifiable conflicting language between the Summons and the notice language of the Foreclosure Complaint.  Even under the FDCPA's least sophisticated consumer standard, debtors are presumed to have a basic level of understanding and a willingness to read with care the communication received from debt collectors.   Rosenau, supra, 539 F.3d at 221 (3d. Cir. 2008)(quoting Wilson v. Quadramed Corp., 225 F.3d 350, 335 (3d. Cir. 2000)).  Presuming that Plaintiff read the Foreclosure Complaint and the Summons, he was undoubtedly aware of the purpose of the foreclosure action and that he had an obligation to respond.  Further, the notice language contained within the Foreclosure Complaint merely indicated that Plaintiff could request validation of the debt and in no way contradicts or overshadows the information within the Summons

Lastly, under Plaintiff's Second Cause of Action, references are also made to alternative documents issued by Zucker despite Plaintiff allegedly disputing the debt.  See Complaint ¶¶ 34-39.  Again, these allegations are replete with errors and misrepresentations.  First, the document attached to Plaintiff's Complaint as Exhibit B is alleged to be a dispute as to the debt associated with the Foreclosure Complaint.  Id., ¶34.  Plaintiff has inexplicably redacted this document so that it fails to provide any distinguishing information.  This is relevant in that Plaintiff owned at least two (2) other New Jersey properties that were also subject to foreclosure actions

commenced by Zucker.[5]  The second page of Exhibit B does not have any apparent or alleged connection to the first page and, again, contains redactions that frustrate efforts to confirm what New Jersey property the request related to.  Zucker has searched its files at length and, unlike the other redacted materials, has been unable to locate any documents corresponding to Plaintiff's Complaint as Exhibit B.

Assuming, *arguendo*, that the dispute was issued relating to the Camden, New Jersey property identified in the Foreclosure Complaint, it nonetheless fails to support any claim under the FDCPA associated with the issuance of subsequent documents.  Plaintiff identifies two redacted documents that were allegedly improperly issued after receipt of the dispute letter: a Request and Certification for Default and a Notice of Foreclosure.[6]  Significantly, Plaintiff claims that the issuance of these two documents violates section 1692g on the grounds that they were communications improperly issued after an initial communication.  As discussed at length above, section 1692g is not applicable to legal pleadings and the Foreclosure Complaint, and therefore does not qualify as an initial communication.  Moreover, the District of New Jersey has recently concluded that a Request and Certification for Default and a Notice of Foreclosure are extensions of the underlying pleading as they are required by applicable law.  See Sebrow v. Fein Such, Kahn & Shepard, P.C, (Sayles Cert., Ex. F).  Thus, Plaintiff cannot maintain claims that characterize the Foreclosure Complaint as an initial communication, as position support through recent case law.

---

[5] HSBC Mtg. Corp. v. Sebrow, Superior Court of New Jersey, Chancery Division, Camden County (Statewide), Docket No. F-44273-09; and HSBC Mtg. Corp. v. Sebrow, Superior Court of New Jersey, Chancery Division, Camden County (Statewide), Docket No. F-59206-09.  These actions are judicially noticeable as they constitute matters of public record.  They may be confirmed at http://www.judiciary.state.nj.us/.

[6] Complete, non-redacted versions of the Request and Certification for Default and a Notice of Foreclosure are attached the Sayles Declaration as Exhibits C and D.

Plaintiff also fails to appreciate that the two documents issued by Zucker were mandated by New Jersey law.  New Jersey Court Rule 4:43-1 requires that a party move for entry of default where a defendant fails to answer a duly served pleading such as the Foreclosure Complaint.  In fact, the failure to seek entry of default will result in a dismissal of the Complaint for lack of prosecution.  As such, Zucker's Request for Entry of Default and Certification of Default were **legally required documents** and, therefore, constitutes an extension of the Foreclosure Complaint as a legal pleading.  Additionally, as the document is not directed to Plaintiff, but rather the Court, and contains no information concerning his actual debt, it cannot form the foundation for a claim under the FDCPA, notwithstanding the fact that it is exempt as a legal document.  See O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941-944 (7th Cir. 2011)(an attachment to a state court pleading intended for the Court's review could support a claim under the FDCPA).

Plaintiff's claims associated with the Notice are fraught with similar deficiencies.  As a result of the entry of default judgment against Plaintiff, New Jersey's Fair Foreclosure Act requires that Zucker provide Plaintiff with the Notice of Foreclosure.  See N.J.S.A. 2A:50-53 et seq.  This is a prerequisite to HSBC's ability to complete its judicial remedy of foreclosure and therefore is entitled to the same exemptions afford to other legal documents.[7]   Further, even if we assume that the Notice is not afforded exempted status under the FDCPA, allowing claims such as Plaintiff's to proceed in the face of a compliant FFA notice would place creditors in the untenable position of choosing between compliance with New Jersey's FFA and thereby their

---

[7] As discussed above, the District Court of New Jersey in Sebrow v. Fein, Such, Kahn & Shepard, P.C. has confirmed that documents required by New Jersey's Fair Foreclosure Act and New Jersey's Court Rules warranted protections under §1692g(d).   .

ability to foreclosure or compliance with the FDPCA. Stated alternatively, it would equate to a finding that New Jersey's FFA violates, by its terms, the FDCPA.

A.   **The District of New Jersey Has Dismissed Nearly Identical Claims By Plaintiff**

Plaintiff is not unfamiliar with the judicial process as a search of his name in the Federal Court's Pacer website shows that from 2006 to the present Plaintiff has filed over ten (10) lawsuits in both New York and New Jersey, the majority of which arise out of alleged violations of the FDCPA.[8]   Along those same lines, relevant to this issue is the recent dismissal of his claims nearly identical to those asserted against Zucker.  In Sebrow v. Fein, Such, Kahn & Shepard, P.C., Civ. Action No. 10-215, 2010 WL 4553559 (D.N.J., 2010), the District Court of New Jersey dismissed almost identical claims from the same Plaintiff represented by the same attorney.  See Sayles Cert., Ex. E.  The Court concluded that Plaintiff's claims under §1692g lacked merit and dismissed the allegations with prejudice.   Similarly, the Court dismissed Plaintiff's §1692e assertions noting that Plaintiff would need to plead such claims with greater specificity.   Plaintiff moved for reconsideration in that matter claiming that a Request and Certification for Default and a Notice of Foreclosure were not exempted from section 1692g. The Court disagreed and found that they were required under applicable law and constituted extensions of the legal pleading.  See Sayles Cert., Ex. F.

The FDCPA was never intended to be a sword to be used by debtors for leverage or profit and, accordingly, the routine filing of FDCPA claims by plaintiffs has not escaped the critical eyes of Courts around the nation.   See Jacobson v. Healthcare Financial Serv., Inc., 434 F.Supp.2d 133, 138 (E.D.N.Y. 2006)(cautioning that courts should not countenance lawsuits based on frivolous misinterpretations or nonsensical assertions of being led astray" and

---

[8] www.pacer.gov

16

expressing concerns over the "cottage industry" of "professional plaintiffs" under the FDCPA.); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA, 130 S.Ct. 1605, 1628-29, 31 (Kennedy & Alito, J., dissenting)(noting the "troubling dynamic of allowing certain actors in the system to spin even good-faith, technical violations of federal law into lucrative litigation" and cautioning that the FDCPA must be reasonably interpreted in order to counter such excesses); Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 513-514 (6th Cir. 2007); In fact, Justices of this Court recently cautioned against the "troubling dynamic of allowing certain actors in the system to spin even good-faith, technical violations of federal law into lucrative litigation" and that the FDCPA must be reasonably interpreted in order to counter such excesses; Cohen v. Am. Credit Bureau, Inc., Civil Action No., 10-5112, 2012 U.S. Dist. LEXIS 33687 *5. Here, Plaintiff seeks to litigate similar claims against Zucker, arising out of nearly identical alleged violations of the FDCPA. Plaintiff should not be allowed to assert baseless claims against Zucker in an attempt to delay and circumvent his obligations to pay back moneys owed.

**B.     Plaintiff Has Not Sufficiently Plead Claims Under the FDCPA**

Applying the standards set forth in Twombly, it is clear that Plaintiff's Complaint must be dismissed pursuant to F.R.C.P. 12(b)(6). The Complaint relies upon information conveyed in connection with the November 12, 2009 Foreclosure Complaint filed by Zucker. The notice was provided as part of that document and Plaintiff relies entirely upon that document to form the basis of the actionable communication. As set forth above, under sections 1692g and 1692e, pleadings such as the one relied upon here cannot form the basis of a claim under the FDCPA. Additional discovery will not change or clarify what is alleged in Plaintiff's Complaint – that his claims arise from information incorporated into a legal pleading filed by Zucker. Since there is no "reasonable expectation that discovery will reveal evidence of the necessary element", in this circumstance a communication subject to the FDCPA, Plaintiff's Complaint fails to state a claim

17

upon which relief can be granted.  <u>See</u> <u>Twombly</u>, <u>supra</u>, 127 S.Ct. at 1965.  As the Foreclosure Complaint cannot form the basis of Plaintiff's FDCPA allegations, Plaintiff's Complaint must be dismissed with prejudice.

18

## **CONCLUSION**

For the foregoing reasons, Defendant, Zucker, Goldberg & Ackerman, LLC respectfully request that their Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice.


CONNELL FOLEY LLP
Attorneys for Zucker, Goldberg

& Ackerman, LLC

BY:    /s/ Andrew C. Sayles
          Andrew C. Sayles, Esq.


DATE:    June 11, 2012